MELVIN NICKERSON AND NAOMI W. NICKERSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nickerson v. Commissioner
Docket No. 14496-79.
United States Tax Court
T.C. Memo 1981-321; 1981 Tax Ct. Memo LEXIS 422; 42 T.C.M. (CCH) 211; T.C.M. (RIA) 81321; June 23, 1981. Edward A. Williams, for the petitioners. Edith E. Siler, for the respondent. EKMAN
MEMORANDUM FINDINGS OF FACT AND OPINION EDMAN, Judge: Respondent determined deficiencies in petitioners' Federal income taxes for 1976 and 1977 in the amounts of $ 3,060.08 and $ 4,757.00, respectively. Due to concessions by the parties, the sole issue for decision is whether petitioners' operation of a farm was an activity not engaged in for profit within the purview of section 183. FINDINGS OF FACT Some of the facts have been stipulated by the parties and are found *424 accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners, husband and wife, resided in Chicago, Illinois at the time they filed their petition herein and throughout the period in question. They timely filed joint Federal income tax returns for 1976 and 1977 with the Internal Revenue Service Center in Kansas City, Mossouri. During 1976 and 1977 petitioner Melvin Nickerson (hereinafter petitioner) was self-employed in the advertising field and Naomi Nickerson was a full-time employee of the Chicago Board of Education. Born in 1932, petitioner grew up on his father's farm in Florida and, until age 17, worked on that farm after school, on weekends and during the summer. Although not employed on a farm since his youth, petitioner has retained an interest in farming. For several years prior to 1975 petitioners discussed various means of generating additional income, currently and in the future. After exploring several avenues of enterprise, they decided that dairy farming was the most desirable means of achieving their objective and proceeded to investigate available farms located in Michigan and Wisconsin. In December *425 1975, petitioners purchased an 80-acre farm located in Door County, Wisconsin for $ 40,000 and obtained an option for the purchase of 40 acres of land adjoining the farm; in December 1976, they purchased the adjoining land for $ 10,000. The farm was purchased from a realtor who had acquired it from a dairy farmer approximately 8 years earlier. By 1975, all of the farming equipment had been removed and alfalfa had been planted on the tillable farmland. The structures on the farm, which include a 50-year-old house, a barn with a milking parlor, an equipment shed with a grain storage area above it and two silos, were either sorely in need of repair or obsolete. Shortly after purchasing the farm petitioner leased their tillable land, 60 acres, to a tenant farmer for an annual rent of $ 20 per acre. The tenant, who still leases all of petitioners' tillable acreage, agreed to convert approximately 10 additional acres each year to the cultivation of more profitable crops. [1] At the time of trial the tillable land had been expanded to approximately 80 acres. The rental of $ 20 per acre represents the only source of income from the farm. *426 Petitioner visits the farm, which is located at a distance from his residence requiring 5 hours travel by car, on most weekends during the growing season and approximately twice per month during the remainder of the year. Petitioner's wife and children visit less frequently. While at the farm during 1976 and 1977 petitioner worked primarily on the restoration of the farmhouse. As a means of learning about the dairy farming business, petitioner worked on neighboring farms and he also expended some effort "in order to bring around" an abandoned fruit orchard located on a portion of his farm. At the time of trial, petitioners had not purchased any farm machinery or livestock, and had engaged the services of a contractor to remodel the farmhouse. During 1976 and 1977 petitioners did not keep formal books of account with respect to the farm. However, they did retain various receipts and cancelled checks relating to purchases of items used at the farm. On petitioners' joint Federal income tax returns for 1976 and 1977, they claimed deductions for losses incurred in the operation of their farm in the amounts of $ 8,668 and $ 9,872.95. OPINION Section 183(a) provides generally *427 that no deduction attributable to an activity not engaged in for profit shall be allowed except as otherwise provided for in that section. Section 183(b)(1) allows those deductions, such as interest and taxes, which are not predicated on the existence of a profit motive. Jasionowski v. Commissioner, 66 T.C. 312, 320 (1976). Section 183(b)(2) provides that a deduction for an activity not engaged in for profit shall be allowed as if for an activity engaged in for profit but "only to the extent that the gross income derived from such activity for the taxable year exceeds the deductions allowable by reason of" section 183(b)(1). Section 183(c) defines an activity not engaged in for profit as an activity "other than one with respect to which deductions are allowable for the taxable year under section 162 or under paragraph (1) or (2) of section 212". Thus, if the deductions are not allowable under section 162 and section 212(1) and (2), the deduction rules of section 183(b) will apply. Section 1.183-1(a), Income Tax Regs.
"The test for determining whether an individual is carrying on a trade or business so that his expenses are deductible under section 162 [and *428 not limited by section 183] is whether the individual's primary purpose and intention in engaging in the activity is to make a profit." Golanty v. Commissioner, 72 T.C. 411, 425 (1979), on appeal (9th Cir., Aug. 31, 1979); Allen v. Commissioner, 72 T.C. 28 (1979). Whether petitioner had the requisite intent is a question of fact which must be determined on the basis of all the facts and circumstances. Section 1.183-2(a), Income Tax Regs.Golanty v. Commissioner, supra at 426. Petitioners bear the burden of proving such intent. Rule 142(a), Tax Court Rules of Practice and Procedure; Golanty v. Commissioner, supra at 426. Section 1.183-2(b), Income Tax Regs., lists a number of factors, derived basically from prior case law, to be considered in determining whether an activity is engaged in for profit. Benz v. Commissioner, 63 T.C. 375, 383 (1974). Briefly stated, the factors include: (1) the manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or his advisors; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation *429 that assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profits, if any, which are earned; (8) the financial status of the taxpayer; and (9) whether elements of personal pleasure or recreation are involved. No one factor is determinative, nor is the list all inclusive, Section 1.183-2(b), Income Tax Regs., but greater weight is to be given to objective facts than to the taxpayer's statement of his intent. Section 1.183-2(a) and (b), Income Tax Regs; Engdahl v. Commissioner, 72 T.C. 659, 666 (1979). Considering all the facts and circumstances and according proper weight to the factors enumerated above, we find that petitioner's farm was an activity not engaged in for profit within the purview of section 183. Certain points of particular significance to our determination follow. Overall, petitioner did not operate the farm in a businesslike manner. Nowhere in the record do we find evidence of a concrete plan to farm profitably. While petitioner stated at trial that *430 he expected the farm to produce a profit within 10 years from acquisition, he failed to prove the adoption of any measures to accomplish that goal. Perhaps one reason for the absence of a businesslike plan is petitioner's lack of expertise. While petitioner did work on his father's farm as a youth and retained a lifelong interest in farming, we must conclude that his business experience and activities are not adequate for the task of producing a profit from the farm. We also feel that the amount of time petitioner devoted to the farming operation is inconsistent with an intent to profit. On those weekends during which he chooses to work on the farm, petitioner must travel 5 hours by automobile. Petitioner makes this journey on most weekends during the growing season but less frequently during the rest of the year. It is difficult to believe, given petitioner's description of the deplorable condition of the farm when he acquired it, that petitioner had a bona fide intention of making the farm profitable from such limited labor. [2]
At the time of trial petitioner had engaged the services of a contractor *431 to remodel the farm house and stated that, after the house was completed, work would commence on the other structures on the farm. During the years at issue petitioner's labors on the farm were directed primarily at improving the farm house and the orchard. Petitioner's emphasis on making the house habitable does not support his claimed intention to make a profit in dairy farming, especially when we note that at the time of trial petitioner still had not acquired any farm machinery or livestock. We are impressed by petitioner's prodigious effort when he is at the farm and we recognize that the farm does not contain recreational facilities such as tennis courts or a swimming pool. However, we also must recognize that petitioner has no experience in similar business activities and that at the time of trial the farm had never produced a profit. While petitioner's burden does not require him to prove that his expectation of profit was reasonable, he does bear the burden of proving such expectation was bona fide. See Jasionowski v. Commissioner, supra at 322; Golanty v. Commissioner, supra at 427-428. On the basis of the evidence presented, *432 we conclude that petitioner at best entertains the hope that when he retires from the advertising business and can devote his complete attention to the farming operation, he may at that time expect to produce a profit. Such a long range and tentative hope does not, in our view, rise to the level of a bona fide expectation of profit. In short, we are not convinced that petitioner had the requisite intent to profit from engaging in the farming activity during the taxable years in issue. Accordingly, we conclude that petitioner's operation of the farm was an activity not engaged in for profit and that the deduction of expenses incurred in connection with farming profit is subject to the limitations of section 183. Decision will be entered under Rule 155. Footnotes
1. At trial petitioner testified to the effect that when he acquired the farm the alfalfa had reached the end of its productive cycle.↩
2. See Pickren v. Commissioner, T.C. Memo. 1981-52↩.